Counsel, you may proceed. Good morning, and may it please the court. Suresh Bhattacharjee appearing as pro bono amicus curiae on behalf of petitioner William Argueta Pena. May I ask where Catherine Galston is? I have her listed as the attorney of record. Yes, Your Honor. Catherine Galston was not able to make the oral argument. She gave me the opportunity to come in her place. Okay. Did you file a notice of appearance? I did, Your Honor. Oh, you did. Okay. It just hasn't gotten to me yet. Your name again, please, sir. It is Suresh Bhattacharjee. All right. Thank you. You may proceed. Thank you, Your Honor. Congress has granted refugees expedited removal proceedings specific due process guarantees during the credible review process. But Congress has deprived these refugees of any form for redress if those due process rights are violated. During the credible fear hearing, an immigration judge could flatly deny a refugee counsel, an interpreter, the right to present evidence, and indeed a fair hearing. And yet, under the jurisdiction stripping provisions of the Immigration and Nationality Act, these actions by the immigration court are immunized from judicial review. So is it your position these are constitutional due process rights or set out in a statute? At least with respect to the right to counsel, Your Honor, it is our position that that is a constitutional due process right. What amendment? The fifth or the sixth? Not in the Sixth Amendment, Your Honor. This court has recognized that the Sixth Amendment to counsel does not extend to immigration proceedings. But on multiple occasions, in cases such as Baltazar-Alcazar, Biwat v. Gonzalez, Hernandez-Gil, and United States v. Reyes-Bonilla, this court has recognized that the right to counsel in removal proceedings before an immigration judge has twin sources. The first is that the right is rooted in the due process clause of the Fifth Amendment, and the second is that the right is created by an express statutory grant of Congress in Section 1366. So the cases that you've cited, are those ones that arise in subsequent criminal prosecutions, or are we talking about the rights of an alien at the border in an expedited removal proceeding? Your Honor, these cases do not involve arriving aliens, and we'll concede that, but these cases also do not arise in criminal proceedings. They arise in civil immigration removal proceedings, and that's because it's not a criminal proceeding. The right to counsel cannot be said to arise from the Sixth Amendment. However, this court has recognized on multiple occasions that this grant of a statutory right to counsel to aliens who are in removal proceedings before an immigration judge is rooted in the due process clause of the Fifth Amendment. May counsel- I'm sorry, go ahead. No, you go ahead. Go ahead, finish it off. All right. My last question then was, are there any cases that you can cite as to, that we're looking at what I understand to be the facts here, the review of an expedited removal as opposed to a subsequent removal proceeding, a re-entry proceeding? In terms of the right to counsel? Correct. No, we have not, and we'll concede that we have not identified any case law expressly extending the Section 1362 right to counsel in expedited removal proceedings, and particularly during the credible fear review process. But our position is that the plain language of the statute mandates such a result. Section 1362- Well, the plain language of the statute says we have no jurisdiction. Yes, Your Honor. If you want to argue plain language of the statute. The plain language of the jurisdictional statute certainly says that, and I can address that point now, Your Honor. The Section 1252A of the Immigration and Nationality Act expressly strips from all federal courts jurisdiction over any expedited removal orders. Right. That includes constitutional claims or questions of law arising out of expedited removal proceedings. And has any case ever held that that statute is suspect in any way? Not Section 1252, Your Honor, but it's our position that the Court has opened the door to constitutional attacks on jurisdiction-stripping statutes in the United States versus Barajas-Alvarado. The Court specified the circumstances under which a jurisdiction-stripping statute could be found unconstitutional in Barajas-Alvarado. But that was a criminal case, was it not? Of 1362? Or 1326? I'm sorry, perhaps it wasn't. Yes, Your Honor, it was a 1326 prosecution. But the question in that case is whether there was a right to judicial review of potential due process violations during the expedited removal proceeding that served as a predicate for the illegal reentry prosecution. And so the Court, in analyzing the constitutionality of the jurisdiction-stripping statute in that case, which also said expedited removal orders are not subject to any kind of judicial review, even on collateral attack in a Section 1326 proceeding, the Court asked two questions. First, is there a constitutionally vested right to judicial review? And second, does the applicable jurisdictional statute foreclose all avenues to judicial review? If the answer to both questions is yes, then per Barajas-Alvarado, this Court must conclude that the jurisdiction-stripping statute is unconstitutional to the extent it forecloses this predicate right to judicial review. But in Barajas-Alvarado, the Court found there was an option. No? No, Your Honor. In Barajas-Alvarado, the Court found that Section 1225B expressly foreclosed judicial review of any collateral attack on an expedited removal order. The Court also found that, per the United States Supreme Court's decision in Mendoza-Lopez, in a Section 1326 prosecution, there must be some meaningful full review of the underlying removal order that serves as a predicate for the offense. But the case held, Barajas-Alvarado failed to establish that it was plausible such relief would be granted and therefore failed to establish any prejudice resulting from the alleged procedural violations affirming. Yes, Your Honor. The Court did hold that the petitioner in that case, Mr. Barajas-Alvarado, failed to establish prejudice from the deprivation of due process. But before arriving at that conclusion, the Court had to tackle the question of whether it even had jurisdiction over the due process claim. Looking at the statutory framework in place, Section 1225B expressly stripped the Court of jurisdiction over collateral attacks to expedited removal orders in the context of illegal reentry prosecutions. This Court said that that principle articulated in the statute directly buttheads with the principle articulated by the Supreme Court in Mendoza-Lopez, which is that there must be some meaningful review of the underlying removal order. And so we have the first question in Barajas-Alvarado, is there a right to judicial review? Yes, that right was found in Mendoza-Lopez, which said that there was a due process right to some meaningful review of the predicate removal order. The second question in Barajas-Alvarado, does the applicable statute foreclose all avenues to judicial review? Yes, Section 1225B of Title VIII foreclosed all avenues to judicial review of expedited removal orders. And given this tension, the Court concluded that Section 1225B was unconstitutional insofar as it precludes any meaningful review of the expedited removal order that serves as a predicate for a Section 1326 offense. So, in your mind, why is it appropriate to extend the rulings of those cases, which the end result can be imprisonment versus a case in which we have a person at the border that is an alien in an immigration proceeding? Our position in terms of the vested right to judicial review comes from giving effect to due process rights that have been extended to aliens in the first place. Per congressional enactment, aliens have been extended this right to counsel, and this Court has recognized that the right to counsel is rooted in the due process clause. There are also additional procedural rights that have been given to refugees who go through the credible fear screening process. These include the right to an interpreter, the right to present relevant and material evidence. However, as this Court and the Supreme Court have recognized on multiple occasions, if a congressional enactment were interpreted in such a way as to deprive any forum for redress of a constitutional claim, there would be a serious constitutional question as to the validity of that statute. But there's no Supreme Court case that ever went that far. And Congress obviously has the power to limit jurisdiction, does it not? Of course, Your Honor, Congress has the power to limit jurisdiction, and there is no Supreme Court case that has gone that far precisely because the Court has found a way around the serious constitutional question, often through habeas relief. But it's undisputed that habeas relief of expedited removal orders is very narrowly circumscribed. There are only three bases upon which… But it does exist. It does exist, but not, Your Honor, over constitutional claims and questions of law, and that's the problem here. We have certain specific due process rights, and if those rights are violated, there is absolutely no forum for redress. And so these rights are essentially meaningless. They can be cast aside with impunity and without consequence, and there is absolutely no opportunity for a refugee who has been deprived of these due process rights to seek corrective action in court. What if a statute had been enacted that accorded just hypothetically no rights to a person in an expedited removal proceeding? Then would there be any basis for a court to assert jurisdiction? Your Honor, in that case, no, there wouldn't be a case for the court to assert jurisdiction. As this Court recognized in Barras-Alvarado, the statute provided that expedited removal proceedings could have been left entirely up to the discretion of the Attorney General. But that's not what happened. We have specific due process rights that have been extended. But what happened in this case was, as I understand it, he waived counsel, did he not?  But he certainly said that he has no fear of returning to El Salvador. Your Honor, it's true that in the record at page 59, during the initial border inspection, the petitioner, at least the form that the immigration officer filled out, indicates that the petitioner expressed no fear of returning to El Salvador. But later in the record at page 55, the petitioner had submitted a handwritten statement expressing his fear of return to El Salvador. And subsequently, he was subject to the credible fear screening process. And so once he became subject to the credible fear screening process, the particular due process rights that are extended to refugees in these proceedings attached as to him. It's not our position that the right to counsel in Section 1362 extends to all aliens who are subject to expedited removal. However, in this circumstance, when an alien appears in a credible fear hearing before an immigration judge, there is a right to counsel. It's secured by the plain language of the statute because this is a removal proceeding before an immigration judge. And what language of the statute are you referring to? What specific subsection? It's in Section 1362A2, Your Honor, where the statute says that in all removal proceedings before an immigration judge, a person shall have the right to be represented by counsel at no expense to the government. And that brings us to the question. Did you say it's 1362A2? No, it's just 1362, right? I'm sorry. Just 1362, then. Pardon? I think it's just 1362. Right. Okay. All right. I think it's just 1362. I apologize for the missed citation there. Oh, fine. The next question, and I see that I'm running out of time. The next question is just the issue of waiver, whether the petitioner actually waived his right to counsel. It's our position that under this court's prior decision in Castro-Orion v. INS, the petitioner did not knowingly or voluntarily waive his right to counsel. The exchange with the immigration judge regarding counsel is very cursory. The immigration judge simply observed on the record that petitioner was present without an attorney and then asked the petitioner if he wished to speak for himself. The petitioner responded that he was okay speaking for himself. Isn't that a waiver? It is not under the facts of Castro-Orion, Your Honor. In Castro-Orion, the immigration judge had a nearly identical exchange with the petitioner in that case as our immigration judge did with the petitioner here. However, this court held that the laconic exchange between the immigration judge and the petitioner was insufficient to secure a knowing waiver of the right to counsel precisely because the immigration judge failed to inform the petitioner of his right to counsel and of his right not to proceed without counsel. That's what we have here. And the immigration judge's conduct stands in stark contrast to the asylum officer who, during the credible fear interview, did secure a knowing and voluntary waiver of petitioner's right to counsel at that interview. At that interview, the asylum officer informed the petitioner, you have a right to counsel. We can reschedule this interview if you want to secure counsel. Do you want to proceed anyway? The petitioner said yes, and he signed a written waiver. The immigration judge did none of these things, and so it's our position that the petitioner was deprived of his right to counsel. There's no signed waiver, but can we not consider the response that your client gave in front of the IJ? Your Honor, I see I'm almost out of time.  Of course. The court may consider the petitioner's response, but it's our position that even considering that response, what in Castro-Orion under very similar facts this court characterized as a laconic response, this court must find that the petitioner did not knowingly and voluntarily waive his right to counsel. And in light of the Rule 28J letter that we just filed last week, the petitioner, once he has demonstrated the violation of his right to counsel, need not also prove prejudice. And so we respectfully request that the court exercise its jurisdiction over this case, conclude that the petitioner was deprived of his due process right to counsel, and thereby remand to the immigration court for a new credible fear hearing that properly comports with petitioner's due process rights. Thank you, Counsel. Your time has expired. We will hear from the government. May it please the Court, Your Honor, this is Tim Remnitz on behalf of the United States Attorney General Eric H. Holder, Jr. In this immigration case, Petitioner Mr. Pena, a native of El Salvador, seeks review of the decision of the Board of Immigration Appeals, which has dismissed his appeal for lack of jurisdiction for the sought-to-challenge immigration judge's review of an asylum officer's negative credible fear determination. The statutes are very clear. In 12th 2A2A, in particular subset IIII, shall be no jurisdiction over any claim arising out of an expedited removal order. So how do you harmonize that statute with the one that accords a right to counsel? Does that then permit the immigration judge to completely ignore that separate statute in this context? Well, the government doesn't concede that 1362 applies in this instance. But whether or not that applies is a question of law. And the statute very clearly strips any form in the lower court of appeal or the district court of any jurisdiction to consider questions of law arising out of expedited removal proceedings. And in fact, the Real ID Act of 2005 amended the expedited removal statute or the jurisdiction stripping provision in 1252A2A to add language stating there shall be no habeas jurisdiction under 2241 petition. And that was in response to St. Cyr's 2001 Supreme Court case. And that was a very clear expression by Congress stating – well, because prior to the Real ID Act, immigrants would frequently use 2241 petitions to raise questions of law. And so by adding that language in 2005 in the Real ID Act, Congress made it very clear there's no jurisdiction in the lower courts for anything arising out of an expedited removal order. Not district court for a question of law. Not the courts of appeal for a question of law. There's only limited habeas jurisdiction for someone who's not an arriving alien, someone who potentially has a liberty interest at stake in constitutional rights. They can show by preponderance of the evidence under quote 2E that they are a lawful permanent resident of an afforded refugee status or perhaps are a citizen of the United States and are not an arriving alien or have been inadvertently placed in expedited removal proceedings. Otherwise, Congress has stripped all courts of appeals and district courts to entertain questions such as petitioners seek to frame. And this is permissible under a longstanding Supreme Court principle and this court's case law, in particular, Garcia de Rincon of 2008. They stated over and over again this longstanding principle that – well, I'll cite the language from Naftali Chavez in particular. The admission of an alien to the United States is a privilege granted by the sovereign United States government. Such privilege is granted to an alien only upon such terms as the United States shall prescribe. And it says because this is a sovereign authority of the legislative branches or the political branches, legislative and executive. And this is their sovereign right to prescribe what happens off the border with arriving aliens because they are requesting a privilege of Congress to be admitted to the United States when they have no legal right to be admitted to the United States. They have no documentation as in this case. And because they're requesting a privilege of Congress, Congress can set out whatever procedure it sees fit for an arriving alien. And if it does not want to provide review in the courts of appeals or district court, that is permissible. And because they're an arriving alien. And this was repeated in Garcia de Rincon, this court's precedent of 2008. They cited this constitutional maxim, which they had previously cited in Lee v. Eddy, which was vacated on other grounds. But this court, Garcia de Rincon, affirmed the reasoning of that case. And Garcia de Rincon, which is the case most particularly important in this court of appeals. They stated that there is no constitutional due process right to challenge immigration status by an arriving alien. And that whatever basis the alien may enter the country Congress sees fit to provide is all the process they are due. And in Garcia de Rincon, it was a difficult point because it's a very similar procedural posture, except in that case it was a reinstatement proceeding. But they sought to collaterally attack the underlying expedited removal order. And well, just the facts of that case. She was a Mexican citizen. She entered the United States illegally at one point. And then she married a lawful permanent resident of the United States and had two United States citizen children. She then departed to Mexico to visit her mother. And when she came back, she falsely represented herself to be a citizen or someone who had a right to enter the United States. She was ordered expeditiously removed. And then she, again, legally re-entered the United States. And she was sought to adjust status through her husband. And this expedited removal order came to light. And she was again ordered – or she had a reinstated proceeding where they reinstated the expedited removal order. And she filed a writ in district court trying to challenge the question of law that she was coerced into making certain procedures at the border. And this violated her due process right. The district court, noting the language in 1252, which repealed any questions of law under 2241 with the ReID Act, noted it had no jurisdiction to hear her claim. But they transferred to this court with the hope there might be some due process concern, some minimal due process concern that might be at play. And this court said no. There was no due process court. Well, now what about Barajas? Barajas is a criminal case. And so in criminal procedures, yes, there are due process rights that are attached because there's a liberty interest at stake. As Judge Gleeson noted, the liberty interest is the right to be not incarcerated. Of course, in a criminal proceeding, you have due process rights attached. But I believe in Barajas they also specifically noted that if it was a arriving alien challenging their expedited removal in an immigration civil proceeding, there would be no due process right to attach. Because the principle is clear. The arriving alien does not have a due process right because, I guess for all legal purposes, that person is standing at the border. They have not effectively entered the United States. There's no equities at play. Well, now where does 1362 fit in? It doesn't. Well, it doesn't fit into this case because we do not conceive 1362 applies to an abbreviated expedited proceeding. How do you reach that determination when it says any, as I recall it, I'm trying to find it, any proceeding in front of an I- Any removal proceedings before an IAJ. That's correct. However, when Congress in arrear in 1986 enacted the one expedited removal statute at 1225, the other two types of abbreviated proceedings, 1228 aggravated felony expedited rule and 1231.85 reinstatement proceedings, they took the time to lay out when the right to counsel attached each of these abbreviated proceedings. Under 1228, they provide a right to counsel. Under 1225, they do not, but they state the person can have a right to be consulted with someone of their choice before the asylum interview. Congress would not have taken the time to lay out these separate procedures if they thought 1362 applied because then there would clearly be a right to counsel. This language would all be superfluous. They would not need to take the time to take all this or to enact these different procedures and different statutes saying when, if, a right to counsel attached to these abbreviated proceedings. Do you know whether that argument has been asserted before any other circuit that 1362 is inapplicable to the expedited removal proceedings? I'm not aware of that or the contrary argument that it does attach. Right, fair enough. Counsel, go ahead. In Morales' Hierdo, which was a reinstatement proceeding where they challenged the reinstatement process, that there is different, that Congress did not envision the same procedural safeguards in these abbreviated proceedings such as reinstatement as they do in full 1229 proceedings. It's not about the right to counsel, but they stated that it's definitely a different procedure because Congress took the time to not envisioning the full procedural safeguards of 1229 formal removal proceedings. Counsel, you now are aware that opposing counsel is raising the constitutionality of the non-jurisdictional statute. You, they did raise it in their brief. You had the opportunity to respond to it, but you rested on your original brief. What's your view? Is this statute constitutional or not, and why? Well, it is constitutional for the principle that I previously noted, which is under Knopf, Dechancey, and Garcia de Rincon, where a statement of writing only has no due process right. And whatever process is afforded to them by Congress, as a privilege of Congress, it's all the process that is due. And Congress wants to make the entire process within the executive, within administrative proceedings, and does not wish to afford courts of appeal or district court review of those proceedings as permissible because the writing alien does not have a right to challenge the procedure set up as a writing alien with no due process right. They are merely requesting the privilege of Congress to be admitted to the United States. But you heard counsel say that this particular alien is raising a constitutional argument and he lacks a forum. What's your response? That Congress has permissibly stripped that forum from him because he has no right to that forum. He is, for all legal purposes, standing at the border of the United States with no legal means to arrive, and therefore the constitutional due process right to challenge his admission does not apply to him. And this is also, like, well, not Bishanassi. That was a case where a German citizen had married a United States citizen, and she sought to be admitted to the United States as the spouse of a U.S. citizen. She arrived at the border and she was ordered excluded under laws being passed during World War II saying that the Attorney General had discretion to exclude certain individuals if they believed it was a national security. They used that law to order her excluded, and she sought to challenge that as a violation of the due process right, and that's where the principle was laid out so well that she had no due process right to challenge her exclusion from the United States because she was an arriving alien standing at the border for all legal purposes, and she was solely requesting a privilege of Congress to be admitted to the United States as a spouse of a U.S. citizen. Congress could permissibly deny her that because they had plenary authority to extend the privilege to her of admission or not. This is also repeated that same decade or next year, 1953. This was Bishanassi v. Bizet. And that's just another case that's instructive. They repeat the same principle that an arriving alien has no due process right to challenge his admission. In that case, it was actually a lawful permanent resident of the United States who had departed the U.S. for some 20 months. When he sought to re-enter the United States, he was detained at Ellis Island, and he challenged, again, his exclusion from the United States as a violation of his due process right. And again, the court said there is no due process right at play. That person had no constitutional right to due process because they were at the border requesting admission to the United States. They also noted in that case the temporary harborage at Ellis Island did not give rise to a legal entry or any sort of liberty interest that might give rise to due process rights. What's your direct response to opposing counsel's argument on the constitutionality of the statute? You heard the cases that he referred to. What's your response? Well, as the court noted, none of those cases really involve arriving aliens, and that's where this principle, this whole case derives from is the fact that this is an arriving alien with no due process right. These other cases do not involve arriving aliens standing at the border for legal purposes. There's other equities involved. For example, in Barajas, Abandono, I believe the case is, the 2011 case, they were in a criminal case. There's a liberty interest attached. There was a due process right attached. In this case, it's arriving aliens solely in requesting admission to the United States, and there is no due process right attached. I'd also like to note there's a significant interest in Congress affording this expedited or enacting this expedited removal proceedings. As the court stated in Morales S. Pierdo about the Green Statement abbreviated proceedings, that there's a significant interest by Congress to curb these substantial enforcement costs which go with someone who, in all likelihood, has no legal means to stay in the United States. They can enact these procedures to curb these substantial costs, and one need look no further than what's happening with unaccompanied minors at the border currently. In 2008, Congress afforded to, or chose under TVPRA statute, to afford these unaccompanied minors process. Because otherwise, they'd be in the same position as this petitioner. They're arriving aliens at the border with no legal means to stay in the United States or be admitted to the United States. But because they're minors, Congress chose to afford them certain procedures and not to allow them to be expeditionally removed. They did not envision the significant numbers that might arrive subsequently in that statute, and now there's been significant costs associated with that. Everyone can follow the news media and note that there's been flying in people to work at the border to handle these cases, and it's been quite a burden on the government. If the court were to find that every other arriving alien over the age of 18 had a due process right to challenge or to bring any question of law they saw fit for the courts of appeals, you would see an enormous surge of cases of people saying they have a due process right to bring cases in the courts of appeals, such as I have, one, a right to counsel, or two, that counsel right is violated. And Congress has a very significant interest in stating these individuals have no legal means to stay in the United States or to be admitted, have a limited procedure because in all likelihood they cannot stay, and to curb these costs that might be associated with that. So is it fair to say your position is that Congress could enact a very elaborate scheme according or setting out various protections for arriving aliens and say, but there's no jurisdiction, and then those protections would essentially be unenforceable? They can prescribe no jurisdiction in the courts of appeals because there's no due process right to those procedures. All right. But also, I'd like to note that it came to my attention that certain cases are being held in the veins pending a decision in this case. Cases from my office, which involved the two other abbreviated statutes I mentioned, 1228, aggravated rape, expedited removal, and 1231A5, reinstatement proceedings. And they're being held in the veins pending this jurisdictional question, but in those cases... Now, fill me in on that. What's being held in the veins? Are these pending Ninth Circuit cases? Yeah, the pending petition for abuse at my office. Is that in the material? No, it's not in these materials. But I've been... They showed me the cases in the dockets where they've been held in the veins pending a decision in this case. But these cases were reasonable fear of persecution under these other separate statutes. So I just want to make it clear to the court where in those cases where the government has conceded there is jurisdiction over the reasonable fear determination, that is different and apart from this proceeding because in those cases, Congress has not explicitly stated there shall be no jurisdiction. So that's 1228 and 1235? 1231. 1231, thank you. In this case, Congress has explicitly stated there shall be no jurisdiction over any claims arising out of 1225 expedited removal proceedings. No constitutional claims, no questions of the law, district court or the courts of appeals, and in particular, no jurisdiction over the reasonable fear or the credible fear determination in these cases. Okay. Or I'm about to summarize because I'm almost out of time. We are out of time. Your time has expired, counsel. We understand your argument. The case just argued will be submitted for decision and the court will adjourn.
judges: Gleason, O'SCANNLAIN, RAWLINSON